# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

| | |
|---|---|
| KOSHER SKI TOURS INC., <br><br> *Plaintiff,* <br><br> -against- <br><br> OKEMO LIMITED LIABILITY COMPANY, <br><br> *Defendant.* | Index No.: _____/2020 <br><br> **SUMMONS** |

**TO DEFENDANT:**

Okemo Limited Liability Company
c/o Vail Resorts Inc.
390 Interlocken Crescent, Suite 1000
Broomfield, CO, 80021, USA

**YOU ARE SUMMONED** and required to serve upon Plaintiff's attorney an answer to the Complaint, dated October 19, 2020, in this action within 20 days after the service of this Summons, exclusive of the day of service, if this Summons is personally delivered to you within the State of New York, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear, judgment will be taken against you by default for the relief demanded in the Complaint.

The place of venue under N.Y. C.P.L.R. § 503(a) is Rockland County because Plaintiff is a resident of Rockland County.

Dated: October 19, 2020
      New York, New York

**SCHLAM STONE & DOLAN LLP**

By: /s/ Solomon N. Klein_____
    Solomon N. Klein
    John F. Whelan
    26 Broadway, 19th Fl.
    New York, New York 10004
    Tel.: (212) 344-5400
    Fax: (212) 344-7677
    E-Mail: snklein@schlamstone.com
          jwhelan@schlamstone.com
*Attorneys for Plaintiff Kosher Ski Tours Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

| | |
|---|---|
| KOSHER SKI TOURS INC., <br><br> *Plaintiff*, <br><br> -against- <br><br> OKEMO LIMITED LIABILITY COMPANY, <br><br> *Defendant*. | Index No.: _____/2020 <br><br> **COMPLAINT** |

Plaintiff Kosher Ski Tours Inc. ("KST" or "Plaintiff") for its Complaint against Defendant Okemo Limited Liability Company, ("Okemo" or "Defendant"), alleges as follows:

**NATURE OF THE COMPLAINT**

1. This is a straightforward suit for breach of contract against Okemo, an owner and operator of a ski resort in Vermont, by KST, a company that markets and operates group ski tours and vacations focused on serving Orthodox Jewish vacationers and skiers. For years, KST has arranged for large groups to lodge and/or ski at Okemo.

2. As in previous years, KST and Okemo signed a written contract dated December 27, 2019 (the "Agreement"), under which KST purchased 492 room nights during a four-day period (December 10-14, 2020) at discounted rates. The Agreement also provided KST with ski lift tickets at discounted rates.

3. In September 2020, Okemo unilaterally terminated the Agreement, claiming that Covid-19 was "disrupting" its business. However, Plaintiff has discovered that not only is Okemo operating, it has been actively marketing and booking the same units KST reserved under the Agreement, and has even taken direct reservations from KST's customers (at full non-discounted rates).

4. Okemo's "Covid-19" excuse is a mere pretext to take advantage of increased demand for local ski resorts by vacationers looking to avoid airplane travel. Given the increase in demand, Okemo decided that it would rather book the rooms directly to customers at non-discounted rates, rather than honoring the agreement to provide KST with a block of rooms at the already agreed-upon discounted rate provided to KST.

5. KST brings this suit to enforce the terms of the Agreement and recover the damages caused by Okemo's breach of contract.

## PARTIES

6. Plaintiff Kosher Ski Tours Inc. is a New York corporation with its principal place of business located in Rockland County, New York.

7. Defendant Okemo Limited Liability Company is a Vermont corporation operating a ski resort in Vermont. Its designated business address is in Broomfield, Colorado. Upon information and belief, Okemo Limited Liability Company is a direct or indirect subsidiary of Vail Resorts, Inc.

## JURISDICTION AND VENUE

8. This Court has specific personal jurisdiction over Okemo under C.P.L.R. §§ 302(a)(1), because Okemo transacted business in New York State with a New York corporation, and KST's claims in this case arise from these contacts. Okemo has regularly entered into signed agreements with KST since 2014, and has been doing business with the principal of KST in New York for close to a decade.

9. Venue in this county is proper under C.P.L.R. § 503(a), because Plaintiff is a resident of this county.

## FACTUAL ALLEGATIONS

10. KST markets and operates group ski tours and vacations focused on serving Orthodox Jewish vacationers and skiers, and arranges and manages group and family vacations. KST often purchases a large set of rooms, which it markets directly to consumers. KST also offers to its consumers ski packages that include lift tickets and rental equipment – in addition to accommodations serving the specific needs of Orthodox Jewish vacationers and skiers, such as catering and delivery of kosher food.

11. Since 2014, KST has regularly contracted with Okemo for bulk orders of ski lift tickets and/or lodging for KST's clients at Okemo's ski resort at wholesale or group discounts.

12. Okemo and KST's most recent agreement is the Lodging Agreement, dated December 27, 2019. A copy of the Agreement is attached hereto as Exhibit 1.

13. Under the Agreement, in exchange for KST paying a $300 non-refundable initial deposit binder, Okemo reserved a total of 492 room nights at the Okemo Mountain Resort for various types of units, from December 10, 2020 to December 14, 2020 for a total of $107,831.00. (Ex. 1 at p. 1.)

14. The Agreement also entitled KST to buy lift tickets at a specified group rate. (*Id.* at p. 2.).

15. This arrangement was to be mutually beneficial to both KST and Okemo, since the dates reserved under the Agreement were during Chanukah, but did not overlap with Christmas, allowing KST to take advantage of depressed pricing, while benefiting Okemo by filling otherwise vacant rooms prior to the Christmas holiday period.

16. Despite the fact that KST paid the deposit binder as per the Agreement, Okemo repeatedly refused to honor the Agreement and then unilaterally notified KST by e-mail on

3

September 18, 2020 that it is terminating the Agreement. This came just as KST was beginning to book reservations for its customers, leaving KST in an untenable position with its own customers. Okemo did not provide any detailed explanation for its apparent lack of ability to honor its obligation under the Agreement, stating merely that Covid-19 has continued to "disrupt . . . [its] way of doing business."

17. However, Okemo is clearly using "Covid-19" as a pretext to get out of what Okemo now views as an unfavorable contract.

18. Upon information and belief, Okemo has accepted, and is continuing to accept, reservations for lodging and skiing passes directly from guests (including KST's previous clients) for the same rooms and for the same period that it is contractually-obligated under the Agreement to reserve for KST.

19. Upon information and belief, Okemo's anticipatory breach seeks to take advantage of the unusual demand created by vacationers seeking local ski vacations and avoiding plans that require air travel during the Covid-19 pandemic. Okemo wants to maximize its profit on each lodging unit by selling directly to guests at full price rather than letting KST rent the rooms at the already agreed-upon discounted rate. However, Okemo's regret for selling at a discount does not excuse its breach of the Agreement.

20. Okemo's breach has caused KST grave damage to its current operations and enterprise damage in that KST now risks losing clients that it has served for years.

21. Upon information and belief, KST has suffered total damages of over $500,000, including lost profits from the lodging reservations, ski tickets sales, equipment rentals to its clients, catering to its clients, as well as long-term enterprise and reputational damage. These lost profits also include loss of business from guests that KST could have placed at other hotels, but

4

which KST can no longer accommodate because Okemo has refused to sell to KST the ski lift tickets that are part of the Agreement.

## FIRST CAUSE OF ACTION
**(Breach of the Contract Against Okemo)**

22. KST repeats the allegations above as if fully set forth here.

23. KST and Okemo are parties to the Agreement. *See* Ex. 1.

24. The Agreement is a valid and binding contract between KST and Okemo.

25. The mutual exchange of promises in the Agreement was sufficient consideration.

26. KST materially complied with all of its obligations under the Agreement.

27. Okemo materially breached its obligations under the Agreement by failing to accommodate the reservations for lodging provided for in the Agreement, and refusing to sell ski lift tickets to KST.

28. Okemo's conduct constitutes an anticipatory repudiation of the Agreement.

29. KST has been directly and proximately damaged by Okemo's breach of the Agreement.

30. Accordingly, Okemo is liable to the KST for an amount to be determined at trial, but which is believed to be not less than $500,000, plus pre- and post-judgment statutory interest, plus KST's reasonable attorneys' fees and expenses incurred in prosecuting this action.

**WHEREFORE**, KST respectfully requests that this Court enter judgment in its favor against Okemo, on its Cause of Action, awarding KST damages in an amount to be determined at trial, but not less than $500,000; plus consequential damages; plus reasonable attorneys' fees and expenses incurred in prosecuting this action; plus and pre- and post-judgment statutory interest; and such other and further relief as may be just and proper.

Dated: October 19, 2020
     New York, New York

                         Respectfully submitted

                         **SCHLAM STONE & DOLAN LLP**

                         By: /s/ Solomon N. Klein_____
                            Solomon N. Klein
                            John F. Whelan
                            26 Broadway
                            New York, New York 10004
                            Tel.: (212) 344-5400
                            Fax: (212) 344-7677
                            E-Mail: snklein@schlamstone.com
                            E-Mail: jwhelan@schlamstone.com

                        *Attorneys for Plaintiff*
                         *Kosher Ski Tours Inc.*

# Exhibit 1

# LODGING AGREEMENT



December 27, 2019

Contact: Yaakov Biderman
Group Name: Kosher Ski Tours
Address: 11 Briarwood Lane
Suffern, NY 10901
Phone Number: (914) 960-7372
Email: yaakov@kosherskitours.com
Group Code: GM9KST1

Thank you for your interest in Okemo Mountain Resort for your group's trip. The unit reservation chart below indicates the units you have requested for your initial group reservation. Upon return receipt of this signed agreement and a $300 deposit binder, Okemo Mountain will make the following reservation for your group. Please sign and return a copy either by email or mail.

## ARRIVAL DATES AND ROOM RATES

**Thursday December 10th-Sunday December 14th, 2020**

Room rates are per unit for the length of stay indicated (3-4 nights) below. Rates do not include **9% Vermont tax** and **9% Resort Fee**.

Group Code: GM9KST1

| 2020 | Nightly Rate | Thu 12/10 | Fri 12/11 | Sat 12/12 | Sun 12/13 | Total Room Nights | Committed Revenue |
|---|---|---|---|---|---|---|---|
| Jackson Gore - Inn Room | $126.00 | 50 | 50 | 50 | 0 | 150 | $18,900.00 |
| Jackson Gore - Inn Executive Room | $154.00 | 0 | 0 | 0 | 0 | 0 | $0.00 |
| Jackson Gore - Studio | $154.00 | 25 | 25 | 25 | 0 | 75 | $11,550.00 |
| Jackson Gore - 1 Bedroom | $217.00 | 35 | 35 | 35 | 0 | 105 | $22,785.00 |
| Jackson Gore - 2 Bedroom | $280.00 | 20 | 20 | 20 | 0 | 60 | $16,800.00 |
| Jackson Gore - 2 Bedroom Executive | $314.00 | 10 | 10 | 10 | 0 | 30 | $9,420.00 |
| Jackson Gore - 2 Bedroom + Loft | $328.00 | 4 | 4 | 4 | 0 | 12 | $3,936.00 |
| Jackson Gore - 3 Bedroom | $398.00 | 10 | 10 | 10 | 10 | 40 | $15,920.00 |
| Jackson Gore - 3 Bedroom Penthouse | $426.00 | 3 | 3 | 3 | 3 | 12 | $5,112.00 |
| Jackson Gore - 3 Bedroom + Loft | $426.00 | 2 | 2 | 2 | 2 | 8 | $3,408.00 |
| Total | | 159 | 159 | 159 | 15 | 492 | $107,831.00 |

## LODGING GROUP DEPOSIT SCHEDULE

- ❖ A **$300.00** NON-REFUNDABLE deposit and signed group agreement is required to reserve and confirm your group reservation. No rooms will be blocked until this binder and signed agreement are received. This deposit guarantees room rates and availability of sleeping rooms and will be applied to your final payment.

- ❖ 90 Days prior to your group's arrival **9/17/20**, your second deposit is due. This amount represents 60% of the entire reservation cost.

# LODGING AGREEMENT

- 30 Days prior to your group's arrival **11/12/20**, your final balance is due along with a complete list of group guests and their sleeping arrangements, including any special requests.

## AGREEMENT TERMS / CANCELLATION POLICY / SECURITY & KEY DEPOSIT

- The $300 initial deposit is non-refundable. If notice of cancellation is received more than 60 days prior to your arrival, reservation deposits (excluding the $300 binder) are refundable, less a fee equaling 10% of deposits received to date. If cancellation is made within 60 days of arrival, all deposits are non-refundable.

- If cancellation of no more than 10% of the Total Committed Lodging Revenue occurs at least 30 days prior to arrival there is no penalty for the cancelled units. No refunds will be given for units cancelled within 0-29 days prior to your arrival date.

- Lodging reservations will be released if deposits are not received by the dates specified.

- Okemo Mountain Resort is unable to guarantee specific unit/floor/building availability other than unit size and condominium location. Whenever possible, Okemo will try to honor all specific unit/floor/building requests.

- Due to private ownership of our rental condominiums and Jackson Gore units, a security/key deposit is required upon check-in for each unit. The deposit may be either a credit card imprint (Visa, MasterCard, Discover, AMEX) or $300 in U.S. funds per unit. Cash or check deposits will be returned within 15 working days of your group's departure. All keys must be returned at check-out.

- Please provide Okemo Mountain Resort with credit card information via phone for your $300.00 binder. We understand you will phone Group Sales when you are ready to make periodic deposits by credit card.

## HELPFUL LODGING GUIDELINES FOR GROUP LEADERS

- Okemo Mountain Resort **DOES NOT** accept pets in any of the lodging properties at the resort. This policy is strictly enforced. If a pet is found a $300 cleaning fee will automatically be charged to the credit card above.

- For your ease and convenience, with advanced payment the Group Sales Center will deliver your group's lift tickets to the Okemo Welcome Center (lodging office) or the Jackson Gore Inn front desk prior to your arrival. All delivery requests must be placed with a member of the Group Sales Staff a minimum of 72 hours in advance of your arrival and paid for in full prior to delivery.

- Check-in time is 5pm and check-out time is 12 pm. During the regular winter season, Okemo's Lodging & Welcome Center is open 8am – 11pm and the Jackson Gore Inn front desk is open 24 hours a day. Please plan your arrival accordingly.

## LIFT TICKETS

The following group rates are for lift tickets pre-ordered and pre-paid. Orders must be placed 3 days before your group's arrival **12/7/20** at the latest and paid in full in order to be printed.

| Adult Lift Ticket (13 – 64 years) | Holiday | Fri-Sun | Mon-Thurs |
|---|---|---|---|
| Adult 1 Day | $ 90.00 | $ 75.00 | $ 69.00 |
| Adult 2 Day | $ 176.00 | $ 146.00 | $ 135.00 |
| Adult 3 Day | $ 258.00 | $ 213.00 | $ 198.00 |
| Adult 4 Day | $ 336.00 | $ 276.00 | $ 258.00 |
| Adult 5 Day | $ 410.00 | $ 335.00 | $ 314.00 |
| **Child Lift Ticket (7 – 12 years)** | **Holiday** | **Fri-Sun** | **Mon-Thurs** |
| Child 1 Day | $ 69.00 | $ 57.00 | $ 53.00 |

## LODGING AGREEMENT

|  |  |  |  |
|---|---|---|---|
| Child 2 Day | $ 134.00 | $ 110.00 | $ 103.00 |
| Child 3 Day | $ 195.00 | $ 159.00 | $ 150.00 |
| Child 4 Day | $ 248.00 | $ 204.00 | $ 190.00 |
| Child 5 Day | $ 300.00 | $ 245.00 | $ 230.00 |
| **Senior Lift Ticket (65+ years)** | **Holiday** | **Fri-Sun** | **Mon-Thurs** |
| Senior 1 Day | $ 80.00 | $ 66.00 | $ 61.00 |
| Senior 2 Day | $ 154.00 | $ 126.00 | $ 118.00 |
| Senior 3 Day | $ 225.00 | $ 183.00 | $ 173.00 |
| Senior 4 Day | $ 292.00 | $ 236.00 | $ 224.00 |
| Senior 5 Day | $ 355.00 | $ 285.00 | $ 272.00 |

| Dates | Holiday |
|---|---|
| 12/25/19 – 1/05/20 | Christmas/New Years |
| 01/17/20 - 1/20/20 | MLK |
| 2/14/20 - 2/23/20 | Presidents |

**Rates do not include** 6% Vermont State tax

**Terms and Conditions:**

- Resort will provide 1 complimentary lift ticket for every 25 lift tickets purchased
- Children 6 and under ski free, but must have a ticket issued at window to access lifts
- All tickets must start on the same date. Any requested changes to contracted lift tickets must be pre-approved before the lift ticket is activated
- Changes, additions and payments receives less than two days in advance will forfeit applicable discounts and earned comp lift tickets
- Refunds are only processed for full unused tickets. Unused tickets must be returned prior to departure to qualify for a refund. Resort agrees to allow for 10% reduction in lift tickets purchased provided that total lift tickets purchased do not fall below 15 lift tickets
- When a multi-day ticket is purchased that will cross a seasonal price change, the price for the entire ticket will be based on the rates of the start date
- All lift ticket products are dependent upon Resort's ski resort offerings. Ski resort offerings are subject to change due to changes in ski resort ownership or partnership agreements

## FUNCTION SPACE & MEALS

| Date | Time | Function | Setup | Function Space | # of PPL | Facility Fee |
|---|---|---|---|---|---|---|
| Thu 12/10-Sun 12/13 | TBD | Prayer Space | TBD | Jackson Gore | 70 | Waived |

*Facility fee is subject to Vermont Tax

**Assignment of Function Space:** Resort will provide Customer with Function Space in accordance with the schedule of events, based on the contracted number of people attending the event. The facility fee associated with the above spaces is *$0.00 plus tax.* Hotel may make reasonable substitutes to Function Space by notifying Customer.

**Alcoholic Beverages**: According to Vermont State Liquor Laws, guests may not bring their own liquor onto the premises nor shall any guest leave the premises with an alcoholic beverage. No person under the legal drinking age of twenty-one (21) years of age will be served or in any way procure alcoholic beverages on the premises. We reserve the right to refuse to serve alcohol to any individual(s) for any reason.

FILED: ROCKLAND COUNTY CLERK 10/19/2020 07:55 PM
NYSCEF DOC. NO. 3
INDEX NO. 034827/2020
RECEIVED NYSCEF: 10/19/2020

DocuSign Envelope ID: F733FE07-744A-587F-...
Case 7:20-cv-09815-VB-PED   Document 1-1   Filed 11/20/20   Page 14 of 14

# LODGING AGREEMENT

## CONCESSIONS

- For every 40 lodging units actually utilized (not units blocked) each night of the group's stay, Property will extend 1 complimentary unit. Reconciliation: The cumulative number of earned complimentary units will be multiplied by the Group's Average Daily Rate and the resulting amount will be credited to the Group's Master Account.

- Okemo Mountain will waive the facility fee for use of the prayer room at Jackson Gore Friday through Sunday, at a value of $200.00 per day.

## FORCE MAJEURE

Neither party shall be liable in damages or have the right to terminate this Agreement for any delay or default in performing hereunder if such delay or default is caused by conditions beyond its control including, but not limited to Natural Disasters (floods, hurricanes, Earthquakes), Government restrictions (including the denial or cancellation of any export or other necessary license), wars, insurrections and/or any other cause beyond the reasonable control of the party whose performance is affected.

This Agreement constitutes the entire agreement between the parties, supersedes all other written and oral agreements between the parties concerning its subject matter, and may not be amended except by a writing signed by Resort and Customer.

## CONTRACT SIGNAUTURE

If the contract meets your approval, please sign and return. Upon receipt of the signed contract, Okemo Mountain Resort will counter sign and return the signed copy to you. At that time, all arrangements will be definite and all venue space and lodging room arrangements will be reserved.

It is our understanding that the individual whose signature that appears below has been authorized and empowered by the **Kosher Ski Tours** group to approve this agreement.

ACCEPTED AND AGREED TO:

By _____ /s/ Yaakov Biderman _____
Yaakov Biderman
Kosher Ski Tours

Date 12/29/19

DocuSigned by: Sarah Nasoff
—464A456F03354D1...
Okemo LIMITED LIABILITY COMPANY
By its sole member Triple Peaks, LLC
By its sole member VR NE Holdings, LLC
By its sole member VR US Holdings, Inc.

12/29/2019
Date

DocuSigned by: Cheryl Braucht
—993CAD6F1994496...
Okemo LIMITED LIABILITY COMPANY
By its sole member Triple Peaks, LLC
By its sole member VR NE Holdings, LLC
By its sole member VR US Holdings, Inc.

12/30/2019
Date